IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff/Respondent,**

v.                                         No. CV 12-0927 JEC/LAM
                                           CR 03-0231 JEC

**FITZ ERROL HENRY, a/k/a**
**JACOB BRUNNER, a/k/a**
**DAVID A. MARTIN,**

      **Defendant/Movant.**

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") Section 2255 motion or petition for writ of error *coram nobis*[2] [*Doc. 1*][3] (hereinafter "motion"), filed August 24, 2012, motion for production of documents [*Doc. 4*], and two motions to compel [*Docs. 7* and *10*]. Defendant is asking the Court to reverse his conviction in the underlying criminal case based on (1) dismissal of a charge against him in a Louisiana state court and (2) ineffective assistance of counsel. *See* [*Doc. 1*]. Plaintiff/Respondent (hereinafter "the Government") filed a response [*Doc. 9*] to the Section 2255 motion on September 24, 2012, but did not file responses to any of the other motions. Accordingly, all references to "motion" herein are to the Section 2255

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] The Court has construed *Document 1* as either a Section 2255 motion or a petition for writ of error *coram nobis*. *See* [*Doc. 5*].

[3] Unless otherwise noted, all referenced documents are from Case No. CIV-12-927.

motion or petition for writ of error *coram nobis*. Defendant filed a reply to the Government's response on October 12, 2012 [*Doc. 8*].

Senior United States District Judge John E. Conway referred the claims raised in the motion to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 2*]. Having considered the parties' submissions, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-03-0231 JEC, the undersigned recommends, for the reasons set forth below, that the claims raised in Defendant's motion [*Doc. 1*] be **DENIED**, Defendant's motion for production of documents [*Doc. 4*] and motions to compel [*Docs. 7* and *10*] be **DENIED as moot**, and that Case No. CIV-12-0927 be **DISMISSED with prejudice**.

The Court finds that an evidentiary hearing is unnecessary because Defendant's motion and the record of this case conclusively show that Defendant is entitled to no relief. The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Therefore, no evidentiary hearing will be held.

**Factual and Procedural Background**

On November 15, 2002, Defendant, under the name of Jacob Brunner,[4] was arrested for illegal reentry into the United States after having been convicted of an aggravated felony and deported from the United States on September 28, 2000, in violation of 8 U.S.C. § 1326(a)(1) and (2), and 8 U.S.C. § 1326(b)(2). *See* [*Doc. 13*, filed in CR No. 03-231 JEC]. On February 6, 2003, Defendant entered into a plea agreement with the Government, under which

---

[4]Defendant states in his ***Motion to Correct*** *(Doc. 3)* that his name is Fitz Errol Henry, and that David A. Martin and Jacob Brunner are aliases.

Defendant pled guilty to the charge in the information in exchange for the United States Attorney's Office for the District of New Mexico agreeing not to bring additional charges against Defendant arising out of Defendant's conduct. [*Doc. 16* at 2 and 5, filed in CR No. 03-231 JEC]. On November 6, 2003, the Court sentenced Defendant to 33 months in prison followed by two years of unsupervised release. [*Doc. 19* at 2, filed in CR No. 03-231 JEC].

## Discussion

In his motion, Defendant appears to claim that his conviction should be vacated because: (1) the underlying aggravated felony conviction for which Defendant was deported from the United States on September 28, 2000 was dismissed by a Louisiana state court on July 31, 2012; and (2) his counsel in both his state case and in the underlying criminal case in this Court were ineffective. [*Docs. 1* and *8*]. In response, the Government states that Section 2255 does not apply in this case because Defendant is not in custody for purposes of that statute, and that Defendant is not entitled to relief through a writ of error *coram nobis*. [*Doc. 9* at 3-4]. In his reply, Defendant states that he is in custody in the Warren County Regional Jail under the name of David A. Martin and that his petition is based on a claim for ineffective assistance of counsel. [*Doc. 8*].

### *I. Section 2255 Motion*

The Court finds that Defendant's claim fails under Section 2255 because Defendant is not in custody for the conviction which he is challenging. "A collateral challenge under 28 U.S.C. § 2255, like a habeas corpus proceeding, is available only to attack (1) a federal sentence under which the defendant is in custody at the time of initiating the petition, or (2) a federal sentence that has been ordered to run consecutively to another sentence under which the defendant is in custody at the time of filing the challenge." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994)

(citations and footnote omitted). *See also Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) (explaining that a petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for purposes of the court's subject matter jurisdiction), and *Klinginsmith v. Ledezma*, No. 09-6244, 373 Fed. Appx. 875, 876-77, 2010 WL 1531067 (10th Cir. April 19, 2010) (unpublished) (explaining that the federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed and the "district courts generally do not have jurisdiction to entertain petitions for habeas relief on fully expired sentences"). Defendant is not in custody under the federal sentence in the underlying criminal case, in which he was sentenced on November 6, 2003 to 33 months in prison followed by two years of unsupervised release. Thus, his sentence fully expired no later than August 6, 2008. Nor does Defendant allege that he is in custody for another sentence that is running consecutively to the sentence he is challenging. Therefore, the Court has no jurisdiction under Section 2255 to hear Defendant's claims.

## *II. Writ of Error* **Coram Nobis**

While Section 2255 relief is not available to Defendant because he is no longer in custody for purposes of that statute, a "writ of error coram nobis is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable - generally when the petitioner has served his sentence completely and thus is no[] longer 'in custody' as required for § 2255 relief." *United States v. Thornburgh*, No. 89-CR-0067-CVE, 2010 WL 4637759, at *2 (N.D. Okla. Nov. 4, 2010) (unpublished) (citation and internal quotation marks omitted). The Tenth Circuit has established three prerequisites for the granting of a writ of error *coram nobis*: (1) the petitioner must demonstrate that he "was duly diligent in bringing his claim;" (2) "other remedies and forms of relief

are unavailable or inadequate;" and (3) "the writ is available only to correct errors resulting in a complete miscarriage of justice or under circumstances compelling such action to achieve justice." *United States v. Ballard*, No. 07-5187, 317 Fed. Appx. 719, 720-21, 2008 WL 2357748 (10th Cir. June 11, 2008) (unpublished) (citations and internal quotation marks omitted). Defendant's judgment in the underlying criminal case in this Court was entered November 6, 2003, which is almost nine years before Defendant filed this petition. In addition, Defendant's conviction for the aggravated marijuana possession charge was in 1997. *See* [*Doc. 1* at 1]. Defendant does not provide any reason for his delay in moving to dismiss the charge for marijuana possession from his record or for the delay in bringing this motion regarding his November 6, 2003 conviction. The Court, therefore, finds that Defendant was not duly diligent in bringing his claim, so he fails to meet the first prerequisite for a writ of error *coram nobis*. *See Ballard*, 317 Fed. Appx. at 722 (finding that the defendant did not demonstrate due diligence when he knew of the deficiencies in his conviction for at least five years), and *Chhabra v. United States*, No. 09 CV 1028(LAP), 2010 WL 4455822, at *4 (S.D.N.Y. Nov. 3, 2010) (unpublished) ("Petitioner's subsequent strategy of challenging his deportation first through immigration proceedings and then, only after those efforts failed, by challenging the criminal offense underlying his deportation is also not an adequate reason for delay.").

In addition, even if Defendant has pursued a writ of error *coram nobis* with due diligence, the Court finds that Defendant fails to show that there has been a complete miscarriage of justice in this case. To prevail on an ineffective assistance of counsel claim, Defendant would have to show that his counsel's efforts were objectively unreasonable and that he was prejudiced by his counsel's alleged deficiencies. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Defendant makes

conclusory allegations regarding his counsel's performance in his underlying criminal cases, which are insufficient to show that his counsels' performances were not objectively reasonable or that he was prejudiced by his counsels' performances. *See* [*Doc. 1* at 7-16] and [*Doc. 8* at 2-3]. For example, regarding his counsel in his state case, Defendant contends that he only met with his counsel one time, that his counsel had his license suspended several times, and that his counsel was untruthful about the sentence Defendant would receive. [*Doc. 1* at 12-13]. None of these contentions, however, are supported in the record and Defendant fails to show how these allegations amount to an objectively unreasonable performance or how Defendant was prejudiced by his counsel's performance. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (explaining that courts "are not required to fashion [a *pro se* party's] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments") (citation omitted) and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.") (citations omitted).

Moreover, to the extent Defendant is asking for relief regarding his immigration status (*see Doc. 1* at 5 and *Doc. 8* at 3), the Court has no jurisdiction over immigration proceedings. *See Gonzalez-Gonzalez v. Weber*, 472 F.3d 1198, 1199 (10th Cir. 2006) (explaining that challenges to removal orders "are properly brought as petitions for review in the court of appeals rather than as habeas corpus petitions under 28 U.S.C. § 2241 in the district court"); *Omolo v. Gonzales*, 452 F.3d 404, 406-07 (5th Cir. 2006) ("[T]he district court correctly concluded that it lacked jurisdiction to consider Omolo's claim that she is a United States national. . . . The [REAL ID] Act divested district courts of jurisdiction over removal orders and designated the courts of appeal as the

sole forums for such challenges via petitions for review.") (citations omitted). The Court, therefore, finds that Defendant's motion fails as a petition for a writ of error *coram nobis*.

## Conclusion

**IT IS HEREBY RECOMMENDED**, for the reasons stated above, that the claims raised in Defendant's motion [*Doc. 1*] be **DENIED**, Defendant's motion for production of documents [*Doc. 4*] and motions to compel [*Docs. 7* and *10*] be **DENIED as moot**, and that Case No. CIV-12-0927 be **DISMISSED with prejudice**.

*Lourdes A. Martinez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**